UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONIL RIOS, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*.<br><br>-against-<br><br>PUBLIC PARTNERSHIPS LLC, TAG MEDSTAFFING, and ATLANTIC RESOURCE PARTNERS HC LLC,<br><br>*Defendants*. | RULE 23 CLASS ACTION COMPLAINT |

Plaintiff ONIL RIOS ("Plaintiff"), by and through his undersigned counsel, hereby alleges against Defendants PUBLIC PARTNERSHIPS LLC, TAG MEDSTAFFING, and ATLANTIC RESOURCE PARTNERS HC LLC, (collectively "Defendants"), on behalf of himself and all others similarly situated, as follows:

## NATURE OF THE ACTION

1. Plaintiff Onil Rios brings this class action on behalf of himself and all others similarly situated former employees pursuant to the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 et seq., and the New York State WARN Act, N.Y. Lab. Law § 860 et seq., to recover unpaid wages and benefits resulting from Defendants' failure to provide timely written notice of mass layoffs.

2. Defendants executed a mass layoff without providing the advance notice required under federal and state law, affecting over 100 employees, including Plaintiff, who worked in a remote but centralized team supporting the Consumer Directed Personal Assistance Program (CDPAP).

3. Plaintiff and similarly situated workers were abruptly terminated without cause, without 60 days' written notice under the federal WARN Act, and without 90 days' notice under the New York WARN Act, resulting in severe financial and emotional harm.

4. Despite attempts to invoke the "unforeseeable business circumstances" exception, Defendants' internal communications and operational structure reveal they knew or should have known of the impending contract loss and had a duty to provide as much notice as practicable, which they failed to do.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, as they arise from the same nucleus of operative facts

7. Venue is proper in this District under 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims occurred within this District, and Defendants conducted business here including an office located in the State of New York, County of Nassau which managed the remote workforce at issue in this complaint.

## PARTIES

8. Plaintiff Julio Villa is a resident of the State of New York. Plaintiff was employed by Defendant from approximately 2009 until his termination on February 11, 2025.

9. Plaintiff Onil Rios resides in New York. He was employed full-time by Defendants as a Registration Coordinator from approximately March 24, 2025, until his abrupt layoff on May 13, 2025. He performed duties directly on behalf of PPL, received directions from PPL managers, and used PPL's proprietary platforms and tools.

10. Defendant Public Partnerships LLC ("PPL") is a limited liability company incorporated in Delaware, with its principal place of business at 40 Broad Street, 4th Floor, Boston, MA 02109. PPL is a subsidiary of PCG. PPL exercised direct supervisory authority over Plaintiff's work, approved timesheets, and controlled work assignments and performance.

11. Defendant Tag MedStaffing is a staffing agency with offices at 19 W 34th Street, Suite 806, New York, NY 10001. TagMed played no role in daily supervision. Its contact with Plaintiff was limited to onboarding and issuing termination notices, including via Stephanie Vani, Associate Director.

12. Defendant Atlantic Resource Partners HC LLC is a New York domestic LLC (DOS ID: 4941486), formed on May 4, 2016, with an office at 19 W 34th Street, Suite 806, New York, NY 10001. It acted as a payroll processor or nominal employer but did not manage Plaintiff's work activities.

13. Defendants operated as a single, integrated enterprise, jointly employing Plaintiff and other similarly situated workers. They shared common business functions, administration, and direction over employment-related policies, including hiring, payroll, supervision, and termination.

**FACTUAL ALLEGATIONS**

14. Plaintiff began his employment on or about March 24, 2025, earning $20/hour and typically working between 40 and 45 hours/week.

15. Plaintiff was assigned to work remotely and told he would be required to come in office occasionally with the office headquarters being in County of Nassau, State of New York.

16. His work was fully remote but conducted within a structured system operated by PPL. All work directives came from PPL employees—Angela Watson (Angie), Raul, and Bianca—who supervised all aspects of task performance and evaluated productivity.

17. On May 13, 2025, at around 5:30 p.m., Plaintiff received an unexpected email from TagMed followed by a phone call informing him that his employment was terminated effective immediately due to a "companywide downsizing" initiated by PPL.

18. Plaintiff was given no advance written notice, no severance, and no opportunity to transition to another role. He was summarily removed from internal systems and communications, consistent with mass terminations.

19. According to Stephanie Vani, approximately 100 or more employees—including remote workers from New York, Texas, and Florida—were let go on the same day.

20. The affected workers shared a common digital workspace, performed similar registration and verification tasks, and reported to the same supervisors under PPL's umbrella. This constitutes a "site of employment" under WARN standards.

21. Defendants failed to notify the New York State Department of Labor or provide any documented rationale that would satisfy the "unforeseeable business circumstances" exception under either WARN Act.

22. The layoffs occurred in connection with PPL's loss of a CDPAP contract, an outcome they were allegedly aware of weeks in advance. Yet, employees were repeatedly reassured that all was stable, as reflected in call transcripts.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action on behalf of himself and all other current and former employees of Defendant who performed similar duties and were similarly underpaid. These

employees suffered from Defendant's common compensation policies and practices, including not receiving proper wages and overtime pay.

24. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of all similarly situated individuals (the "WARN Class") who were terminated without cause and without adequate notice on or about May 13, 2025.

25. The WARN Class is so numerous that joinder is impracticable. Based on information and belief, the class consists of over 100 individuals nationwide and more than 25 full-time employees based in New York, meeting both the federal and state WARN thresholds.

26. There are common questions of law and fact including:

   i. Whether Defendants were joint employers;
   ii. Whether a mass layoff or plant closing occurred under the WARN Act;
   iii. Whether Defendants provided timely notice;
   iv. Whether the class is entitled to compensation.

27. Plaintiff's claims are typical of the class: he worked full-time under PPL's supervision, was terminated without notice, and suffered wage and benefit losses.

28. Plaintiff will fairly and adequately protect the interests of the class and is represented by experienced counsel in WARN Act litigation.

## STATEMENT OF CLAIM

### COUNT I: Violation of the Federal WARN Act (29 U.S.C. § 2101 et seq.)

29. Plaintiff realleges all preceding paragraphs.

30. Defendants ordered a "mass layoff" as defined by 29 U.S.C. § 2101(a)(3), impacting 50 or more employees at a single employment site (or its functional equivalent in a remote work setting).

31. Defendants failed to provide 60 days' advance written notice, in violation of 29 U.S.C. § 2102(a).

32. Defendants have not met the standard for the exception for "unforeseeable business circumstances" under 29 U.S.C. § 2102(b)(2)(A), nor did they give as much notice as practicable.

33. Plaintiff and class members are entitled to 60 days' wages and benefits, attorneys' fees, and costs under 29 U.S.C. § 2104(a).

### COUNT II: Violation of the New York WARN Act (N.Y. Lab. Law § 860 et seq.)

34. Plaintiff repeats, realleges, and incorporates by reference each and every allegation set forth above as if fully set forth herein.

35. Plaintiff realleges all preceding paragraphs.

36. Defendants ordered a mass layoff affecting 25 or more full-time employees, representing at least 33% of the workforce at the site (as defined by law), without providing the 90 days' notice required under N.Y. Lab. Law § 860-b(1).

37. The exception for "unforeseeable business circumstances" under N.Y. Lab. Law § 860-c(1)(b) does not apply here.

38. Even if some aspects were unforeseen, Defendants failed to provide "as much notice as practicable," in violation of N.Y. Lab. Law § 860-c(2).

39. Plaintiff and class members are entitled to 90 days' wages and benefits, attorneys' fees, and costs pursuant to N.Y. Lab. Law § 860-g.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, respectfully requests that this Court grant the following relief:

    i.      An award for unpaid overtime compensation due under the New York Labor Law;

    ii.     Award damages equal to 60 days' wages and benefits under the federal WARN Act;

    iii.    Award damages equal to 90 days' wages and benefits under the New York WARN Act;

    iv.    Award prejudgment interest, attorneys' fees, and costs;

    v.     Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:     July 9, 2025
                New York, New York

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat
675 Third Avenue, Suite 1810
New York, NY 10017
718-669-0714
646-556-6112
mgangat@gangatpllc.com

*Attorneys for Plaintiff*